**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| C3 Investments, Inc. and C3 Investments of Chapin, LLC | ) ) ) ) | Civil Action No. 2:21-01509-RMG |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **ORDER AND OPINION** |
| Walgreen Co., | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court upon C3 Investments, Inc. and C3 Investments of Chapin, LLC's ("Plaintiffs") motion for judgment on the pleadings. (Dkt. No. 18). For the reasons stated below, the Court denies the motion.

**I.     Background**

This is a Declaratory Judgment Action arising from Walgreen Co.'s ("Defendant") attempted exercise of right of first refusal related to property it leases from Plaintiffs in Chapin, South Carolina. C3 Investments, Inc. is a South Carolina corporation that develops commercial real estate and then leases it to a variety of tenants. Plaintiffs allege a lease agreement was executed between Plaintiffs and Rite Aid on or about May 3, 1996, for a property located in Chapin, South Carolina ("Chapin Lease"). (Dkt. No. 1 at ¶ 8). Defendant is the successor in interest to Rite Aid of South Carolina, Inc. regarding the lease of the Chapin Property. (Dkt. No. 6, Answer at ¶ 1; Dkt. No. 1 at ¶ 10). The Chapin Lease includes a right of first refusal. (Dkt. No. 1-1). The right of first refusal states:

> "Tenant shall have the right of first refusal of the Property . . . If at any time during the term, Landlord shall receive a bona fide offer from a third person for the purchase of the Property which offer Landlord shall desire to accept, Landlord shall promptly deliver to

1

Tenant a copy of such offer, and Tenant may, within thirty (30) days thereafter, elect to purchase the Property on the same terms as those set forth in such offer, . . . "

(Dkt. No. 1-1 at 10). The Chapin Lease has a term of twenty years. (Dkt. No. 1-1 at 1-2). The Chapin Lease grants the tenant "the right to renew this Lease for four (4) successive five (5) year renewal period(s)." (*Id.*).

In December 2020, Plaintiffs listed several Walgreens for sale as a "Portfolio Sale" marketed and advertised for a total price of $6,060,000. (Dkt. No. 1 at ¶¶ 12, 14). The Portfolio Sale consisted of the following property locations: Chapin, Bamberg, Willison, and Beaufort ("Portfolio Properties"). Plaintiffs allege that on April 14, 2021, they executed a Purchase and Sales Agreement ("PSA") with third party, Covestre Capital Holdings, LLC ("Covestre") for the purchase of the Portfolio Properties at the full listing price. (*Id.* at ¶15). The PSA allocated a price of $2,273,000 to the Chapin Property. (Dkt. No. 1-1 at ¶ 17); (Dkt. No. 10-2).

On April 19, 2021, Plaintiffs sent a letter to Defendant indicating the intent to sell the Chapin Property to Covestre along with the other Portfolio Properties as a package deal. (Dkt. No. 1-2). The letter attached the PSA and informed Defendant it had a right of first refusal on the properties. (*Id.*). On May 4, 2021, Defendant sent a letter to Plaintiffs explaining that Defendant exercised its right of first refusal as to only the Chapin Property. Defendant offered to purchase the Chapin Property for $ 2,273,000, the price allocated to the Chapin Property in the PSA. (Dkt. No. 1-3). On May 10, 2021, Plaintiffs rejected Defendant's right of first refusal as ineffective under the express terms of the Chapin Lease. (Dkt. No. 1-4). Plaintiffs explained the Chapin Lease provides Defendant with only the right to exercise first refusal "on the same terms as those set forth in such offer," therefore, Defendant may elect to purchase all four Portfolio Properties as addressed by PSA, but it may not elect to exercise the right of first refusal as to a single property. (Dkt. No. 1-4).

On May 20, 2021, Plaintiffs filed the instant Declaratory Judgment Action pursuant to 28 U.S.C. § 2201 against Defendant, seeking a declaration Defendant's May 4, 2021 right of first refusal was invalid and Defendant may only exercise the right of first refusal as to the terms of the PSA in its entirety. (Dkt. No. 1 at 8). On June 21, 2021, Defendant filed an Answer and Counterclaim, asserting the Chapin Lease is a separately bargained for agreement between Plaintiffs and Defendant. (Dkt. No. 6, Counterclaim at ¶ 12). Defendant seeks a declaration the Chapin Lease contains no terms that identify the other Portfolio Properties. (Dkt. No. 6, Counterclaim at ¶ 32). Defendant seeks a declaration that based on the terms of the Chapin Lease and the PSA, it is entitled to purchase the Chapin Property for $2,273,000. (*Id.*).

On September 14, 2021, Plaintiffs filed a motion for judgment on the pleadings. (Dkt. No. 18). Defendant filed a response in opposition. (Dkt. No. 22). Plaintiffs filed a reply. (Dkt. No. 24). The matter is ripe for the Court's review.

## II.     Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech.*, LLC, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) *quoting* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at * 2 (citations omitted).

Rule 12(c) motions limit the court's review to the pleadings and "any documents and exhibits attached to and incorporated into the pleadings." *Lewis*, 2013 WL 4585873 at * 1 (citation

3

omitted). *See also Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964). Like motions to dismiss, Rule 12(c) motions call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at * 2 (citation omitted).

### III.   Discussion

After careful consideration of the pleadings and the parties' respective briefings, the Court denies Plaintiffs' motion for judgment on the pleadings. There are several disputes of material fact that make a ruling on the pleadings premature.

First, there is a dispute as to whether the right of first refusal provision is expired. In their motion for judgment on the pleadings, Plaintiffs argue the right of first refusal provision in the Chapin Lease expired at the end of the original twenty-year lease term and was not included in any renewals of the Chapin Lease. (Dkt. No. 18 at 11-14). Plaintiffs note "there is a legal distinction between the extension and renewal of a lease- an extension constitutes the original lease as it exists. A renewal initiates a new lease altogether." *Myers v. Cornelius*, 205 S.E.2d 180, 182 (S.C. 1974). Defendant points out that:

> "[e]ven in jurisdictions in which a distinction obtains, it has been judicially recognized that considerable difficulty sometimes arises in deciding whether in different leases a provision is one for a renewal or an extension. In the final analysis, whether a contractual provision involves a renewal, or an extension is determined by the intention of the parties as disclosed by the whole instrument and the parties' interpretation and practical construction thereof; and the use of the word 'renewal' or 'extension' is not conclusive."

*Myers v. Cornelius*, 205 S.E.2d 180, 182 (S.C. 1974). In response, Defendant argues that the "practical construction of the parties clearly shows that the options to renew under the Lease are just extensions of the original Lease." (Dkt. No. 22 at 9).

There is no dispute Defendant is the successor in interest to Rite Aid of South Carolina as to the lease of the Chapin Property. (Dkt. No. 6, Answer at ¶10; Dkt. No. 1 at ¶10). The Complaint alleges Plaintiff attempted on multiple occasions to engage Defendant in negotiations for a new lease or a potential sale of the Rite Aid properties, to no avail. (Dkt. No. 1 at ¶ 10). Defendant's Answer denies that Plaintiff attempted to engage Defendant in negotiations for a new lease. (Dkt. No. 6, Answer at ¶ 10). Defendant's Counterclaim alleges that under the Chapin Lease, it has an "unconditional contractual right to exercise a right of first refusal to purchase the Chapin Property" if Plaintiffs receive an offer for the sale of the Chapin Property. (Dkt. No. 6, Counterclaim at ¶ 2). Thus, based on the pleadings and the parties' arguments, there is a factual dispute as to whether the Chapin Lease was renewed or extended and whether the right of first refusal provision is expired.

Second, Defendant's response in opposition to Plaintiffs' motion for judgment on the pleadings argues there is a dispute of material fact as to whether the PSA's allocated purchase price for the Chapin Property is below market value. The Complaint alleges that Defendant's May 4, 2021 attempt to exercise the right of first refusal is invalid because it may only exercise the right of first refusal by purchasing all four Portfolio Properties for $6,060,000 as reflected in the PSA. (Dkt. No. 1 at ¶¶ 32-33). Defendant's Counterclaim seeks a declaration it is entitled to exercise its right of first refusal as to the Chapin Property alone as it is the only property identified in the Chapin Lease. Defendant's counterclaim alleges that it is entitled to buy the Chapin Property, for 2,273,000, which is the exact amount the PSA allocates to the Chapin Property. (Dkt. No. 6, Counterclaim at ¶¶ 31-32). Plaintiffs Complaint alleges the amount the PSA allocates to the Chapin Property is "below market value" and would result in a loss to Plaintiffs. (Dkt. Nos. 1 at ¶¶ 18). Defendant's Answer denies this assertion. (Dkt. No. 6, Answer at ¶18); *see F.D.I.C. v.*

*Hudson*, 800 F. Supp. 867, 869 (N.D. Cal. 1990) ("[T]he allegations of the moving party which have been denied by the non-moving party are assumed to be false" in determining a motion for judgment on the pleadings). When the non-moving party raises issues of fact that could defeat Plaintiff's claim if proved, the Court should deny the motion for judgment on the pleadings. *Gen. Conf. Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

Third, Defendant's Answer raises several affirmative defenses, including the affirmative defense of unclean hands that could operate to defeat Plaintiffs' claim if proven. (*See* Dkt. No. 6 at 7); *see Aaron v. Mahl*, 674 S.E.2d 482, 487 (2009) ("The doctrine of unclean hands 'precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is subject of the litigation to the prejudice of the defendant.'") (citing *Ingram v. Kasey's Assocs.*, 531 S.E.2d 287 (2000)). It is generally not appropriate to consider the viability of affirmative defenses at the Rule 12 (c) or 12(b)(6) stage. *Waites v. Wells Fargo Bank, N.A.*, No. 2:15cv353, 2016 WL 659084 at * 2, 2016 U.S. Dist. LEXIS 19362 at * 2 (E.D. Va. Feb. 16, 2016); *Walker v. Liberty Mut. Ins. Co.*, No. 4:16-cv-1388-RBH, 2017 WL 1020884, at * 2 (D.S.C. 2017) (denying plaintiff's motion for judgment on the pleadings where defendant had raised various affirmative defenses).

### IV.     Conclusion

For the reasons stated above, Plaintiffs' motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**.

                                                    s/ Richard M. Gergel
                                                    Richard M. Gergel
                                                    United States District Judge

October 7, 2021
Charleston, South Carolina